O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE L. BERNAL, on behalf of )   Case No. CV 15-01448 DDP (PLAx)
himself and all others       )
similarly situated,          )
                             )
                Plaintiff,   )   **ORDER GRANTING IN PART AND**
                             )   **DENYING IN PART DEFENDANT FEDEX**
     v.                      )   **GROUND PACKAGE SYSTEM INC.'S**
                             )   **MOTION TO DISMISS PLAINTIFFS'**
FEDEX GROUND PACKAGE SYSTEM  )   **FIRST CAUSE OF ACTION FOR FRAUD**
INC., a Delaware             )   **AND/OR STRIKE PORTIONS OF**
corporation; FEDEX           )   **PLAINTIFFS' FIRST AMENDED**
CORPORATION, a Delaware      )   **COMPLAINT PURSUANT TO FRCP RULES**
corporation; and FLAT RATE   )   **12(b)(6) and 12(f)**
TRUCK REPAIR, INC., a        )
California corporation,      )
                             )
                Defendants.  )   [Dkt. No. 23]
_____ )

Presently before the Court is Defendant FedEx Ground Package

System, Inc. ("FedEx Ground")'s Motion to Dismiss Plaintiffs' First

Cause of Action for Fraud and/or Strike Portions of Plaintiffs'

First Amended Complaint. (<u>See</u> Dkt. No. 23.) Having considered the

parties' submissions and heard oral argument, the Court GRANTS the

motion to dismiss, GRANTS in part and DENIES in part the motion to

strike, and adopts the following order.

# I.   BACKGROUND

Plaintiffs, a group of 73 individuals, are current and former pickup truck drivers for FedEx Ground. (First Amended Complaint ("FAC"), Dkt. No. 15, ¶ 1.) Defendant FedEx Ground is a package shipping company and a subsidiary of Defendant FedEx Corporation. (Id. ¶ 2.) Plaintiffs allege that FedEx Ground and FedEx Corporation (collectively, "FedEx") "contracted and created various individuals and companies in California to misclassify Plaintiffs as independent contracts [sic] rather than employees." (Id. ¶ 3.) Plaintiffs allege that, as part of this alleged scheme, FedEx leased tractor vehicles from various individuals and companies in California. (Id. ¶ 4.) Plaintiffs name FedEx Ground, FedEx Corporation, and 32 of the aforementioned "individuals and companies" (the "Trucking Companies") as defendants in the FAC.

Plaintiffs bring this lawsuit on behalf of themselves and a putative class, defined in the FAC as "[a]ll persons who: 1) drove a tractor with a FedEx Ground logo which was leased to FedEx Ground Package, Inc. by other trucking companies; 2) received daily routes from terminals belonging to FedEx Ground Package, Inc located in California; 4) received a W2 or Paycheck from trucking companies; and 5) within the employment period from 2010 to the present day or date of judgment." (Id. ¶ 18.)

Plaintiffs allege that the Trucking Companies' primary business is leasing tractor vehicles to FedEx, which then uses the tractors to connect and transport trailers throughout the country. (Id. ¶ 5.) Plaintiffs allege that the Trucking Companies issue W-2s and paychecks to Plaintiffs, but that the Trucking Companies "have no other business purpose and merely serve as shell

companies, payroll or staffing companies" for FedEx.  (Id.)
Plaintiffs allege that FedEx engaged in a fraudulent scheme to
misclassify Plaintiffs as independent contractors rather than
employees, and that FedEx conspired with the Trucking Companies to
carry out this scheme.  (Id. ¶¶ 6, 9.)

   Plaintiffs allege that they are employees of both the Trucking
Companies and FedEx.  (Id. ¶ 9.)  Plaintiffs allege that FedEx,
rather than the Trucking Companies, controlled the terms of their
employment and their pay, including "the method and calculation of
payments . . . by compensating Plaintiffs using a complex method
and system, and only for authorized routes and assignments."  (Id.
¶ 11.)  Plaintiffs allege that the Trucking Companies'
relationship with FedEx should not have gone beyond the lease of
the tractors; instead, Plaintiffs allege, the Trucking Companies
improperly inserted themselves in Plaintiffs' employment
relationship with FedEx by (1) issuing W-2s and paychecks to
Plaintiffs and (2) assisting FedEx in hiring Plaintiffs.  (Id. ¶
10.)  Plaintiffs allege that FedEx "decided who to hire, terminate,
and suspend," and therefore, under California law, Plaintiffs
should have been classified as FedEx employees.  (Id. ¶¶ 12, 13,
26.)

   Plaintiffs further allege that FedEx's practices with respect
to Plaintiffs' daily routes and assignments violated California
employment and labor codes.  (Id. ¶ 26.)  Plaintiffs allege that
FedEx employees and dispatchers gave drivers their daily routes and
assignments at FedEx terminals, after which the drivers' tractors
would be connected to FedEx trailers in order to drive packages to
various terminals and hubs across the country.  (Id. ¶ 27.)  Once

drivers would reach their destination terminal, Plaintiffs allege
that FedEx would instruct drivers either to "drop and hook" new
trailers or to wait for the next assignment.  (Id. ¶ 28.)
Plaintiffs allege that the wait time would often take hours or
days.  (Id.)  Plaintiffs allege that FedEx would request the
drivers run quick local routes while they waited for the next
assignment, and that if the drivers refused, they would be
retaliated against or terminated.  (Id.)  Plaintiffs allege that if
they returned home without waiting for a new route or assignment,
they were not compensated for the return mileage.  (Id.)

Additionally, Plaintiffs allege that Defendants made false
statements in conjunction with Plaintiffs' employment that harmed
Plaintiffs.  (Id. ¶ 49.)  Plaintiffs allege that Defendants falsely
told Plaintiffs that (1) they would be employed and hired by FedEx,
and (2) that they were employed by FedEx.  (Id. ¶ 50.)  Plaintiffs
also allege that Defendants' representations to Plaintiffs included
a badge on which the FedEx logo was printed but that stated:
"NOTICE: The holder of this badge is a VENDOR to FedEx Ground.  The
holder is not an employee of FedEx Ground.  This badge is not to
be duplicated."  (Id. ¶ 51 & Exh. E.)  Plaintiffs further allege
that Defendants posted various job listings that clearly stated
that Plaintiffs would be working for FedEx.  (Id. ¶ 52 & Exh. F.)
Plaintiffs also allege that FedEx made it appear as if the Trucking
Companies were the sole employers of Plaintiffs and instructed the
Trucking Companies to issue W-2s and paychecks to Plaintiffs,
despite the fact that Plaintiffs were employees of FedEx.  (Id. ¶¶
58, 60.)

4

1     Plaintiffs allege, that due to FedEx's misclassification of

2 Plaintiffs and FedEx's driver policies, Defendants violated various

3 California labor code provisions and committed fraud.  Plaintiffs

4 TAC alleges ten causes of action against Defendants: (1) fraud; (2)

5 failure to pay earned wages, in violation of Labor Code § 204; (3)

6 failure to pay overtime wages, in violation of Labor Code § 1194;

7 (4) failure to provide meal periods, in violation of Labor Code §§

8 512,226.7, 204, and 1198; (5) failure to provide rest periods, in

9 violation of Labor Code §§ 226.7, 204, and 1198; (6) recovery of

10 deductions from wages, pursuant to Labor Code §§ 221 and 223; (7)

11 waiting time penalties, pursuant to Labor Code § 203; (8) failure

12 to provide accurate itemized statements, in violation of Labor Code

13 § 226; (9) unlawful, unfair and fraudulent business practices, in

14 violation of Business & Professions Code § 17200, et seq.; and (10)

15 violation of the Labor Code Private Attorneys General Act of 2004

16 and Labor Code § 2698.

17     Defendant FedEx Ground now moves to dismiss for failure to

18 state a claim Plaintiffs' first cause of action for fraud, and

19 further moves to strike portions of the FAC.  (Dkt. No. 23.)

20 **II.  LEGAL STANDARD**

21     A 12(b)(6) motion to dismiss requires the court to determine

22 the sufficiency of the plaintiff's complaint and whether or not it

23 contains a "short and plain statement of the claim showing that the

24 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under

25 Rule 12(b)(6), a court must (1) construe the complaint in the light

26 most favorable to the plaintiff, and (2) accept all well-pleaded

27 factual allegations as true, as well as all reasonable inferences

28 to be drawn from them.  See Sprewell v. Golden State Warriors, 266

1  F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d

2  1187 (9th Cir. 2001); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th

3  Cir. 1998).

4      In order to survive a 12(b)(6) motion to dismiss, the

5  complaint must "contain sufficient factual matter, accepted as

6  true, to 'state a claim to relief that is plausible on its face.'"

7  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl.

8  Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  However,

9  "[t]hreadbare recitals of the elements of a cause of action,

10 supported by mere conclusory statements, do not suffice."  Iqbal,

11 556 U.S. at 678.  Dismissal is proper if the complaint "lacks a

12 cognizable legal theory or sufficient facts to support a cognizable

13 legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d

14 1097, 1104 (9th Cir. 2008); see also Twombly, 550 U.S. at 561-63

15 (dismissal for failure to state a claim does not require the

16 appearance, beyond a doubt, that the plaintiff can prove "no set of

17 facts" in support of its claim that would entitle it to relief).  A

18 complaint does not suffice "if it tenders 'naked assertion[s]'

19 devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678

20 (quoting Twombly, 550 U.S. at 556).  "A claim has facial

21 plausibility when the plaintiff pleads factual content that allows

22 the court to draw the reasonable inference that the defendant is

23 liable for the misconduct alleged."  Id.  The Court need not accept

24 as true "legal conclusions merely because they are cast in the form

25 of factual allegations."  Warren v. Fox Family Worldwide, Inc., 328

26 F.3d 1136, 1139 (9th Cir. 2003).

27 ///

28 ///

1   **III.   DISCUSSION**

2        **A.  Motion to Dismiss**

3        FedEx Ground argues that Plaintiffs' fraud claim should be

4   dismissed because it is predicated on alleged misrepresentations of

5   law, which cannot form the basis of a claim for fraud.  Plaintiffs

6   contend that they do allege FedEx Ground made misrepresentations of

7   fact - specifically, that FedEx Ground falsely stated that the

8   staffing and work assignments for drivers would be established by

9   the contractor Trucking Companies and not FedEx Ground.  Plaintiffs

10  also argue that the badge given to the drivers was misleading,

11  since it had a FedEx logo and bar code, and therefore led drivers

12  to believe they worked for FedEx.

13       Misrepresentations of law cannot form the basis for a fraud

14  claim.  See <u>Miller v. Yokohama Tire Corp.</u>, 358 F.3d 616, 621 (9th

15  Cir. 2004).  Statements of law are "normally regarded as

16  expressions of opinion which are generally not actionable in fraud

17  even if they are false."  <u>Id.</u>  However, reliance on

18  misrepresentations of law could form the basis of an actionable

19  fraud claim when the party making the representation: "1) purports

20  to have special knowledge; 2) stands in a fiduciary or similar

21  relation of trust and confidence to the recipient; 3) has

22  successfully endeavored to secure the confidence of the recipient;

23  4) or has some other special reason to expect that the recipient

24  will rely on his opinion, misrepresentations of law may result in

25  actionable fraud."  <u>Id.</u>

26       As an initial matter, none of the four exceptions to the rule

27  in <u>Miller</u> appear to be present here.  Plaintiffs have not alleged

28  that FedEx purported to have some special knowledge, and the Court

cannot see how FedEx would have some special knowledge of
employment law in this context.  Plaintiffs similarly have not
alleged that Defendants stood in a fiduciary relationship with
Plaintiffs or that Defendants "endeavored to secure the confidence"
of any of the Plaintiffs.  Finally, Plaintiffs have not alleged
that Defendants had a special reason to expect that any of the
Plaintiffs would rely on the alleged misrepresentations.  All of
the relationships alleged in the FAC would appear to the Court to
be standard employee/employer or contractor/employer relationships.

Furthermore, the alleged misrepresentations in the FAC appear
to be misrepresentations of law.  The alleged misrepresentations in
the FAC fall seemingly into two categories of misrepresentations
that form the basis of the alleged fraud: (1) Defendants misled
Plaintiffs in materials stating that Plaintiffs were contractors,
because Plaintiffs were in actuality employees of FedEx; and (2)
Defendants misled Plaintiffs to believe they were employed by FedEx
when in fact they were employed by the independent Trucking
Companies.  These allegations appear to be self-contradictory.
Plaintiffs cannot have it both ways; they cannot argue on one hand
that the fraud was committed when FedEx lied to them by convincing
them they were hired and employed by FedEx, while at the same time
arguing that the fraud was based on misrepresentations that
Plaintiffs were contractors when in fact they should have been
classified as employees.

As for the first category of misrepresentations, the Court
concludes that these are misrepresentations of law, not fact.  A
statement that an individual is a contractor, vendor, or an
employee of a contractor, is a statement of law.  See Harris v.

8

1  <u>Vector Mktg. Corp.</u>, 656 F. Supp. 2d 1128, 1136 (N.D. Cal. 2009)

2  (stating that under federal and state law, the legal conclusion of

3  whether workers are employees or independent contractors is a

4  question of law).  Therefore, although the facts may ultimately

5  show that Plaintiffs were misclassified as contractors rather than

6  employees, a misrepresentation by Defendants that Plaintiffs were

7  employed by the Trucking Companies could not form the basis of a

8  fraud claim.

9      As for the second category of misrepresentations, the FAC does

10  not allege facts that support Plaintiffs' contention that FedEx

11  Ground told Plaintiffs they would be employed by FedEx.  The FAC

12  references a badge that has the FedEx logo; however, the FAC also

13  alleges that the badge (an image of which is attached to the FAC as

14  Exhibit E) clearly states that the bearer is a "vendor" of FedEx

15  and disclaims that the bearer is an employee.  Furthermore, the

16  Craigslist ad attached as Exhibit F to the FAC states that a "FedEx

17  ground contractor" is hiring, not FedEx itself.  (FAC ¶ 52 & Exh.

18  F.)

19      **B.  Motion to Strike**

20      FedEx Ground also moved to strike portions of the FAC.  First,

21  FedEx Ground requested that the Court strike Item 11 in the "Prayer

22  for Relief," which pertains to Plaintiffs' request for punitive

23  damages with respect to the fraud claim.  (<u>See</u> FAC at 34.)  Second,

24  FedEx Ground requests that the Court strike the portion of the

25  class definition that includes individuals who were employed "from

26  2010," arguing that the longest statute of limitations for any of

27  Plaintiffs' claims reaches back only to July 22, 2010.  (<u>See</u> <u>id.</u> ¶

28  18.)

1       Because Plaintiffs do not oppose the motion to strike the

2   "from 2010" portion of the class definition, the Court GRANTS the

3   motion to strike this language from the FAC.  Because the Court is

4   dismissing Plaintiffs' fraud claim with leave to amend, the Court

5   DENIES the motion to strike Plaintiffs' request for punitive

6   damages as moot.

7   **IV.   CONCLUSION**

8       For the foregoing reasons, FedEx Ground's motion to dismiss is

9   GRANTED without prejudice.  The motion to strike is GRANTED in part

10  as to the date portion of the class definition and DENIED as to the

11  request for punitive damages.

12

13

14  IT IS SO ORDERED.

15

16

17  Dated: July 14, 2015

18                                      DEAN D.  PREGERSON
                                        United States District Judge

19

20

21

22

23

24

25

26

27

28